# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

ELDRA BACCUS,

     Plaintiff,

VS.                                                   No. 16-2276-STA-egb

NURSE FNU PINKENS,

     Defendant.

---

## ORDER DIRECTING ENTRY OF JUDGMENT,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

---

On April 22, 2016, Plaintiff Eldra Baccus, who was incarcerated at the Shelby County

Criminal Justice Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a

motion seeking leave to proceed *in forma pauperis*.1   (ECF Nos. 1 & 2.)   In an order issued on

April 25, 2016, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing

fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b).   (ECF No.

4.)

---

1   Mail sent to Plaintiff has been returned with the notation that he has been released from the
Shelby County Criminal Justice Center.   (ECF Nos. 7, 9.)

On May 15, 2017, the Court dismissed the complaint for failure to state a claim and granted leave to file an amended complaint within thirty days. (ECF No. 8.) The order notified Plaintiff that, if he failed to file an amended complaint within the time specified, the Court would assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment. However, Plaintiff did not file an amended complaint within the time specified or seek an extension of time in which to do so. Therefore, judgment will be entered in accordance with the May 15, 2017, order dismissing the complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that led the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C.

§ 1915(a)-(b).   Therefore, the Plaintiff is instructed that, if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim.   This "strike" shall take effect when judgment is entered.   *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:   June 19, 2017